UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), as co-trustee of the Ingram Retirement Plan,<br><br>Plaintiff,<br><br>vs.<br><br>BONNIE KAY COLE, an Individual,<br><br>Defendant. | Case No:   5:22CV-169-BJB |

**COMPLAINT FOR EQUITABLE RESTITUTION, DECLARATORY RELIEF, PRELIMINARY AND PERMANENT INJUNCTION, AND IMPOSITION OF A CONSTRUCTIVE TRUST**

Plaintiff John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), as a co-trustee and recordkeeper of the Ingram Retirement Plan (the "Plan"), by and through its counsel, for its complaint against Defendant Bonnie Kay Cole ("Defendant"), alleges and states as follows:

## THE PARTIES

1. John Hancock is a co-trustee and recordkeeper of the Plan and may act on the Plan's behalf. As a co-trustee with respect to the Plan, John Hancock may bring this action against Defendant pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

2. Defendant is an individual and resident of Benton, Kentucky.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because the action arises under 29 U.S.C. § 1001, *et seq*.

4. Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), because Defendant resides in this District.

## FACTUAL ALLEGATIONS

5. Defendant is an Alternate Payee under the terms of the Plan, as the former spouse of a Plan participant who is recognized by a QDRO as having a right to receive all or a portion of benefits payable under the Plan with respect to a Plan participant.

6. The Plan includes provisions that dictate how benefits under the Plan are calculated and paid.

7. Defendant is the former spouse of Plan participant Cleon Cole, who is receiving benefits under the Plan.

8. Under a QDRO involving Defendant and Cleon Cole, Defendant was awarded a portion of Cleon Cole's Plan benefit, to be paid directly to Defendant on a monthly basis.

9. The amount of benefit that Defendant is entitled to receive under the Plan is $1,509.68 per month.

10. The adjustment to Cleon Cole's benefit began on August 1, 2022.

11. On October 3, 2022, Defendant incorrectly received a direct deposit from the Plan in the amount $252,807.23.

12. This amount was calculated based on an error on Defendant's benefit election form, which incorrectly stated that Defendant's benefit commencement date under the Plan's terms was May 1, 2013.

13. The correct commencement date should have been August 1, 2022, which would have produced a payment of $4,529.04.

14. Accordingly, Defendant received an overpayment from the Plan in the amount of $248,278.19 (the "Overpayment").

15. Once the Overpayment was discovered, John Hancock contacted Defendant by telephone, and informed Defendant of the Overpayment and that the Overpayment would need to

be returned to the Plan as soon as possible.

16. Defendant informed John Hancock that the Overpayment had been rolled over into an investment account.

17. John Hancock sent Defendant a letter dated November 18, 2022, which again demanded the return of the Overpayment.

18. The November 18, 2022 letter described the basis for the error, notified Defendant that the Plan must be made whole for any overpayments from the Plan, informed Defendant that the Plan had stopped future benefit payments, demanded that Defendant return the Overpayment withing ten (10) days, and provided instructions for the return of the Overpayment to the Plan.

19. The November 18, 2022 letter further notified Defendant that failure to return the Overpayment could result in John Hancock seeking rights and remedies against Defendant, including but not limited to the commencement of a lawsuit to recover the amount due and owing.

20. Defendant has failed to return the Overpayment and has ignored John Hancock's repayment demands.

21. John Hancock believes Defendant may imminently withdraw the Overpayment from the investment account in which it is currently located, or that she may otherwise dissipate the Overpayment.

22. Unless Defendant is enjoined from dissipation of the Overpayment, the Plan will suffer irreparable harm and damage for which there is no adequate remedy at law.

23. Defendant will be unjustly enriched if she is allowed to retain the Overpayment and her retention of the Overpayment would violate the terms of the Plan and ERISA.

24. Defendant will not be harmed by the return of the Overpayment because said funds are an incorrect payment to which Plaintiff has no rights under the Plan.

25. John Hancock brings this action as a co-trustee of the Plan pursuant to ERISA §

502(a)(3), 29 U.S.C. § 1132(a)(3), to enjoin an act or practice that violates ERISA or the terms of the Plan and to obtain appropriate equitable relief.

### FIRST CLAIM FOR RELIEF
(Equitable Restitution)

26. John Hancock incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

27. John Hancock, on behalf of the Plan, has demanded that Defendant return the Overpayment.

28. Defendant has failed, neglected, and refused to return the Overpayment.

29. The Plan and its participants have been damaged in an amount not less than the amount of the Overpayment, including lost interest and earnings on said amount.

30. John Hancock seeks a judgment in its favor and against Defendant in an amount not less than the amount of the Overpayment, including lost interest and earnings on said amount.

### SECOND CLAIM FOR RELIEF
(Declaratory Relief)

31. John Hancock incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

32. John Hancock, on behalf of the Plan, has demanded that Defendant return the Overpayment.

33. Defendant has failed, neglected, and refused to return the Overpayment.

34. The Plan and its participants have been damaged in an amount not less than the amount of the Overpayment, including lost interest and earnings on said amount.

35. John Hancock seeks a declaration from the Court that the Plan is the rightful owner of the Overpayment and that the Plan has an equitable lien against Defendant for the full amount of the Overpayment, including any interest or lost earnings on said amount.

## THIRD CLAIM FOR RELIEF
(Preliminary and Permanent Injunction)

36. John Hancock incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

37. John Hancock has demonstrated a likelihood of success on the merits of this action, and the lack of any harm to Defendant based on the return of the Overpayment to which she has no rights under the Plan. The balancing of equities favors the issuance of a preliminary and permanent injunction against the account(s) to which Defendant has rolled over or transferred the Overpayment funds.

38. Unless Defendant is temporarily and permanently enjoined from converting, assigning, encumbering, withdrawing, alienating, or otherwise removing, transferring, withdrawing or restricting or decreasing the amounts from such accounts, the Plan will suffer irreparable harm for which there is no adequate remedy of law. If these account(s) are not enjoined as requested, Defendant may dissipate the funds at issue as well as preclude the Plan's ability to obtain those funds.

39. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, John Hancock requests that the Court issue a preliminary injunction, restraining and enjoining Defendant or anyone acting on her behalf, including legal counsel, from assigning, encumbering, withdrawing, alienating or otherwise removing, transferring, withdrawing, restricting, or decreasing the amounts from such accounts, until the merits of this action are fully adjudicated.

40. John Hancock further requests that the Court order Defendant to provide evidence satisfactory to John Hancock and the Court, within ten (10) days, that a copy of the Court's order be provided to any entity that maintains or possesses all or any part of the benefit overpayments, and that the entity(s) accept and receive the order and agree to be bound by it until further notice in writing of a subsequent order by the Court.

41. The order should also provide that it remain in effect during the pendency of this action and up to and including the final determination of the merits of this case and compliance with the final determination.

## FOURTH CLAIM FOR RELIEF
(Constructive Trust)

42. John Hancock incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

43. The Overpayment was paid from a trust of which John Hancock is a co-trustee.

44. At the time she received the Overpayment, Defendant knew or should have known that the amount was in excess of her rights to benefits under the Plan.

45. Defendant has been informed that the Overpayment was made in error and has refused to return the Overpayment to the Plan.

46. Defendant accepted the Overpayment to the detriment of the Plan and the other participants in the Plan.

47. Plan assets will be jeopardized and the Plan will not accrue income it should earn on the value of the Overpayment.

48. Defendant is being unjustly enriched as a direct and proximate result of the Overpayment and additional income earned on the value of the Overpayment.

49. The Plan is entitled to the imposition of a constructive trust upon the amount of the Overpayment and any income generated by the Overpayment, pending trial on the merits and final disposition of this matter.

## PRAYER FOR RELIEF

WHEREFORE, John Hancock respectfully requests that this Court enter judgment in its favor and order:

1. Restitution and reimbursement of all funds paid to Defendant under the Plan up to

        the amount of $248,278.19, plus appropriate interest and lost earnings to be calculated on said amount;

2. Declaration that the Plan is the rightful owner of the Overpayment and that the Plan has an equitable lien against Defendant for the full amount of the Overpayment, including any interest or lost earnings on said amount;

3. Preliminary and permanent injunction prohibiting Defendant from withdrawing any funds from the investment account in which they currently reside that would cause the balance of that account to be less than the amount of the Overpayment;

4. Imposition of a constructive trust over the amount of the Overpayment of benefits for the benefit of the Plan, including all funds in the investment account in which the overpayment funds are currently located, pending trial on the merits and final disposition of the claims in this matter;

5. Award John Hancock its reasonable attorneys' fees and costs incurred in pursuing this action pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

6. All other relief as may be just and appropriate.

DATED:  December 1, 2022                      Respectfully submitted,

                                        By:  *s/Kelly Mann*
                                              Kelly Mann (KBA 88479])
                                              HOLIFIELD & JANICH, PLLC
                                              11907 Kingston Pike, Suite 201
                                              Knoxville, TN 37934
                                              Telephone:  (865) 566-0115
                                              Facsimile:  (865) 566-0119
                                              Email:       kmann@holifieldlaw.com

R. Bradford Huss (CA SBN 71303)
(*Pro hac vice* to be filed)
Dylan D. Rudolph (CA SBN 278707)
(*Pro hac vice* to be filed)
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA 94150
Telephone: (415) 788-3111
Facsimile:  (415) 421-2017
E-mail: bhuss@truckerhuss.com
drudolph@truckerhuss.com